FILED
JUL 2 0 2023
07/20/2023
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 23-0391


IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0391

_____

DANNY MARQUIS,

     Petitioner,

v.

MONTANA NINETEENTH JUDICIAL
DISTRICT COURT, LINCOLN COUNTY,
HONORABLE MATTHEW J. CUFFE, Presiding,

     Respondent.

O R D E R

_____

Representing himself, Danny Marquis has filed an "Emergency Petition for Supervisory Control" along with various attachments concerning an order of protection sought by his wife Jennifer. Marquis asserts that the doctrine of res judicata applies because the Eleventh Judicial District Court, Flathead County, "fully adjudicated to a final conclusion" the matter, thereby precluding the Nineteenth Judicial District Court, Lincoln County, from having any jurisdiction over his wife's Sworn Petition for Temporary Order of Protection and Request for Hearing filed on June 30, 2023. Marquis maintains that the urgency is due to restrictions because Marquis "has endured over six months of being without his home, his children and without his tools used for work[,]" thereby "creating damages and harm."

This Court reviewed Marquis's pleading and attachments. On January 3, 2023, Jennifer Marquis filed a Sworn Petition for Temporary Order of Protection and Request for Hearing in the Eureka City Court, Lincoln County. The City Court granted the request and set a hearing for later that month. Two days later, the City Court modified its Order of Protection, allowing Marquis to have visitation with his minor children upon arrangements made through a third party. The City Court also allowed Marquis to enter his residence, accompanied by the Eureka Police Department, to obtain his personal

belongings. On January 26, 2023, following the hearing, the City Court issued a ninety-day protection order.

In March 2023, Marquis's wife filed a petition for dissolution of marriage with parenting plan for minor children in the Flathead County District Court. On April 26, 2023, the last day of the ninety-day protection order, the Eureka City Court extended the protection order to June 1, 2023, and transferred its Order to the District Court so the court may rule on the matter. The Flathead County District Court received the court record on June 6, 2023, filing it under Cause No. DR-23-344. In the meantime, the Eureka City Court modified the protection order to extend it until July 1st or until changed by the Flathead County District Court. On June 30, 2023, the Flathead County District Court issued an order dismissing the order of protection case, stating that venue is in Lincoln County, pursuant to § 40-15-301(4), MCA.

That same day, Jennifer Marquis filed a petition for temporary order of protection in the Nineteenth Judicial District Court, Lincoln County (Cause No. DR-23-81). This Petition, as did the others, stated that she lives in Eureka, in Lincoln County. The Lincoln County District Court issued a Temporary Order of Protection and set the matter for a hearing on July 21, 2023.

Marquis states that he brings this Petition pursuant to M. R. App. P. 14(3). Marquis requests that this Court make a finding where "the Temporary Order of Protection [relitigates] the same matter." He states that both filed petitions are "virtually identical." Marquis contends that all elements for res judicata are present and states that the matter has been fully adjudicated previously.

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). Pertinent here, the petitioner must show that the other court is proceeding under a mistake of law and is causing a gross

2

injustice. M. R. App. P. 14(3)(a)(i).

This Court concludes that Marquis is not entitled to a writ of supervisory control. Marquis has not demonstrated any of the elements for this Court to exercise its original jurisdiction and for a writ to issue. Under Montana law, while all courts have concurrent jurisdiction to hear and issue orders under § 40-15-301, MCA, "an action brought . . . may be filed in the county where the petitioner currently or temporarily resides[.]" Section 40-15-301(4), MCA. Here, Jennifer Marquis stated she lives in Lincoln County. Contrary to Marquis's claim, the Lincoln County District Court has jurisdiction. Jennifer's petition seeks continued relief without expiration of the prior protection orders, and the District Court has set a hearing at which Marquis may be heard. *See* §§ 40-15-201, -202, MCA. A final order has not been issued. Section 40-15-204(5), MCA. Upon receipt of a final decision—whether for an order of protection or a dissolution decree—Marquis has the remedy of appealing the decision to this Court.

IT IS THEREFORE ORDERED that Marquis's Petition for Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Matthew Cuffe, Nineteenth Judicial District Court; Tricia Brooks, Clerk of District Court, Lincoln County; counsel of record; and Danny Marquis personally.

DATED this **20**th day of July, 2023.

_____

_____
Justices